**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 13-4908**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

RONNIE DAKOTA COVINGTON, a/k/a Dread,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:12-cr-00061-RJC-1)

─────────────

Submitted:  September 25, 2014    Decided:  September 29, 2014

─────────────

Before WILKINSON and AGEE, Circuit Judges, and DAVIS, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Ross Hall Richardson, Acting Executive Director, Ann L. Hester, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronnie Dakota Covington appeals the 151-month sentence imposed by the district court following his guilty plea to two counts of possessing with intent to distribute a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2012). In accordance with Anders v. California, 386 U.S. 738 (1967), Covington's counsel has filed a brief certifying that there are no meritorious grounds for appeal but questioning whether the district court properly classified Covington as a career offender under U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1 (2012). Covington raises a similar question in his supplemental brief. We affirm.

We review Covington's sentence for reasonableness, using "an abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 51 (2007). We must first review for "significant procedural error[s]," including "improperly calculating[] the Guidelines range, . . . failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51; United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Only if we conclude that the sentence is procedurally reasonable may we consider its substantive reasonableness. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).

2

Here, the record reveals no procedural or substantive error in Covington's sentence. Prior to his instant offenses, Covington sustained felony convictions for a crime of violence and a controlled substance offense, thus qualifying him as a career offender. USSG § 4B1.1(a). The fact that one of those convictions may have been predicated on an Alford[*] plea is of no consequence. See United States v. King, 673 F.3d 274, 281-82 (4th Cir. 2012).

In accordance with Anders, we have reviewed the entire record and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Covington, in writing, of his right to petition the Supreme Court of the United States for further review. If Covington requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Covington. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

[*] North Carolina v. Alford, 400 U.S. 25, 37 (1970).